Carlos J. Torres, Plaintiff and Appellee, *v.* Royce Grimm et al., Defendants; Pedro L. Rodríguez, Claimant and Appellant.

No. 7095. Argued March 11, 1938.—Decided November 23, 1938.

*Leopoldo Feliú* and *Edgar S. Belaval* for appellant. *Carlos J. Torres, in pro. per,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Pedro L. Rodríguez claimed as his own certain property said to have been attached in an action to which he was not a party. In presenting his claim he described the property as it had been described in the notice of attachment served on defendants in the principal action. On furnishing a bond in double the amount of the assessed value of the property described in the notice of attachment, Rodríguez received from the custodian of the attached property only a part of the property specified in the notice of attachment as having been attached. This fact was brought to the attention of the district judge in a motion for reconsideration and the modification of a judgment whereby Rodríguez and his surety were required to pay the assessed value of the property described in the notice of attachment with interest at 6 per cent from the date of the bond, and costs with the proviso that if claimant should, within ten days, return the property in as good condition as when he received it and pay for the use of the

same, together with the damages and costs, such delivery and payment would operate as a satisfaction of the judgment. The district judge overruled claimant's motion on the ground that claimant, in a sworn statement at the time of presenting his claim, had described in detail the property claimed by him and said. to have been attached (including that which he alleged in his motion had never been delivered to him) had admitted the attachment of all such property and had furnished a bond in double the amount of the assessed value thereof and conditioned upon a return thereof. The district judge also mentioned the fact that Rodríguez had not attached to his motion any documentary evidence to show exactly what property had been delivered to him and had not offered to return the property so delivered but had merely asked that the judgment be reduced to an amount equal to the value of the goods actually received by him.

Claimant, in his motion, explained that he had presented his claim for all of the property described in the notice of attachment and not included in a previous sale by him of a part of the property so described because he had seen the notice of attachment and it contained the only information he had as to what property had been attached. This, we think, was a sufficient explanation of claimant's failure to include in his claim only the property actually delivered to him after the presentation of such claim and after the furnishing of a bond in double the amount of the assessed value of the property specified in the notice of attachment. Claimant, of course, should have explained in his motion why he had not, before the rendition of judgment, called the attention of the district judge to the fact that he had not received all of the property claimed by him and described in the notice of attachment as having been attached and had not before judgment requested a revaluation of the property actually attached or actually delivered to him. This omission without more was hardly enough, however, to justify the dis-

trict judge's refusal to modify the judgment. Claimant in his motion did profess his willingness to pay the reasonable value of the property actually delivered to him and stated that plaintiff in the original action had refused to accept such amount.

At the trial in the district court, claimant introduced documentary evidence which probably indicated the amount paid by him for some of the property described in the notice of attachment and included in the apprisal made by the marshal but not delivered to claimant. This evidence seems to have disappeared after the trial in the district court. A description thereof approved by the district judge does not disclose the value of the different articles. There is nothing to show that any evidence was subsequently introduced by claimant in support of his motion. Inasmuch as claimant was entitled to some reduction and, upon a proper showing would have been entitled to a substantial reduction, and inasmuch as we are not in a position to determine the amount of such reduction, our only alternative is to remand the case for a rehearing as to this aspect of the motion.

We find no manifest error in the weighing of the evidence and therefore no satisfactory reason for a reversal of the judgment as a whole, nor do we find any abuse of discretion in the imposition of costs. But for the difficulty indicated in the preceding paragraph, the judgment would have been modified and as modified, affirmed.

The order of the district court overruling claimant's motion for a reconsideration and modification of the judgment appealed from will be reversed, and the case remanded for further proceedings not inconsistent herewith.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.